IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BARBARA MCCOY,

                Plaintiff,

v.                                          CIVIL ACTION NO.   2:15-cv-13310

SYNCHRONY BANK,

                Defendant.

**MEMORANDUM OPINION & ORDER**

Despite the absence of a motion to remand this case, the court raises the issue of whether it has subject matter jurisdiction over this case on its own motion. The court does not have subject matter jurisdiction and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.

**I.    Background**

On August 13, 2015, the plaintiff, Barbara McCoy, filed a Complaint in the Circuit Court of Kanawha County, West Virginia. The plaintiff levied four counts—all of which arise from debt collection practices—against the defendant, Synchrony Bank. Compl. ¶¶ 11–25 [ECF No. 1-1]. The plaintiff also filed a stipulation providing that she would not seek more than $75,000 in damages ("Stipulation"):

> Plaintiff(s) and Attorneys for Plaintiff(s) agree to be bound by the following stipulation: so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor

> accept an amount greater than $75,000.00 in this case, including any award of attorney's fees, but excluding interest and costs. This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

Notice of Removal Ex. A, at 39 [ECF No. 1-1].

Subsequently, on September 18, 2015, the defendant removed this case to the federal court based on diversity jurisdiction. In its Notice of Removal, the defendant claimed there is complete diversity because "[t]he Plaintiff is a West Virginia resident and citizen" and "Synchrony is a federal savings association with its charter home office in Utah." Notice of Removal 2 [ECF No. 1]. The defendant also argued the amount in controversy exceeded $75,000 "[b]ecause the damages stipulation is not truly binding [and is thus] ineffective to limit the amount in controversy and avoid federal jurisdiction." *Id.* at 5.

## II.   Legal Standard

A federal court lacking subject matter jurisdiction over a case removed from state court has an obligation to remand the case on its own motion. *Laudermilt v. Taggart Global, LLC*, No. 1:11-cv-0288, 2012 WL 4018286, at *1 (S.D. W. Va. Sept. 12, 2012). When deciding whether to remand, a federal court "resolve[s] all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

A district court has diversity jurisdiction when there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A plaintiff may avoid federal jurisdiction by filing a stipulation that limits the amount in controversy. *Settle v. One W. Bank, FSB*, No. 5:11-cv-00063, 2011 WL 3055263, at *2 (S.D. W. Va. July 25, 2011); *see also Bailey v. SLM Corp.*, No. 5:11-cv-00715, 2012 WL 1598059, at *5 (S.D. W. Va. May 7, 2012) ("There is no dispute that in this district a plaintiff may attempt to defeat diversity jurisdiction in this Court by entering into a unilateral binding stipulation limiting [her] recovery to an amount lower than the jurisdictional requirement provided for by 28 U.S.C. § 1332."). A stipulation of this kind must be "a formal, truly binding, pre-removal stipulation signed by counsel and [her] client explicitly limiting recovery." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001).

### III.  Discussion

It is clear there is complete diversity, so this discussion is limited to determining whether the amount in controversy is sufficient to support federal jurisdiction. The defendant claims the amount in controversy exceeds $75,000—despite the Stipulation—because the Stipulation is not "truly binding." Instead, according to the defendant, the Stipulation "is conditional on this case staying out of arbitration." Notice of Removal 5. The court disagrees.

The Stipulation's inapplicability in arbitration proceedings does not render it non-binding under *McCoy*. The focus is on whether the Stipulation is truly biding in

3

this court. A stipulation is binding if it has "legal force to impose an obligation." *Binding*, Black's Law Dictionary (10th ed. 2014). The plain language of the Stipulation obligates the plaintiff to "neither seek nor accept an amount greater than $75,000 in this case, including any award of attorney's fees, but excluding interest and costs" while "this case remains in West Virginia Circuit Court or an Article III Court." Notice of Removal Ex. A, at 39. This court is an Article III court, and thus the Stipulation is binding in proceedings before this court. Plainly, the Stipulation prevents the amount in controversy from ever exceeding $75,000 in this court.

The Stipulation binds the plaintiff from seeking damages in excess of $75,000 and the defendant does not further challenge the validity of the Stipulation. Accordingly, the court finds that the amount in controversy does not exceed $75,000 and the court does not possess diversity jurisdiction over this case.

### IV. Conclusion

Because the amount in controversy is not more than $75,000, the court **FINDS** that it lacks subject matter jurisdiction and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 21, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE